**Opinion filed December 13, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00112-CR

_____

## KELLY DSHON BENNETT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-37,042**

## M E M O R A N D U M   O P I N I O N

Kelly Dshon Bennett pleaded guilty on April 25, 2012, to the offense of theft. In accordance with a plea agreement, the trial court assessed his punishment at confinement in the Ector County Jail for a term of one year and a fine of $1,000. However, the trial court suspended the imposition of the incarceration portion of the sentence and placed Appellant on community supervision for a term of one year. The State subsequently filed a motion to revoke community supervision,

alleging multiple violations of the terms and conditions of Appellant's community supervision. The trial court considered the motion at a hearing conducted on March 14, 2013. Appellant entered a plea of "true" to one of the alleged violations at the outset of the hearing. At the conclusion of the hearing, the trial court found the alleged violations to be true, revoked Appellant's community supervision, and assessed his punishment at confinement in the Ector County Jail for a term of one year. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that she has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

---

[1] By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

December 13, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.